IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2017 MAY -4  PM 5:00
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

Civil Action No.

(To be supplied by the court)

Plaintiff, Deborah J Lamb
987 Wolf Creek Drive
Longmont, Co 80504

v.

Defendant: Royal crest Dairy, INC.
c/o Dennis J. Baar laer, Esq. Mt. States Emp.     1799 P.A. Street
P.O. Box 539
Denver, Co 8020

## TITLE VII COMPLAINT

## PARTIES

1. Plaintiff Deborah J. Lamb is a citizen of United States who presently resides at the following address: 987 Wolf Creek Drive, Longmont Colorado 80504

2. Defendant Royal Crest Dairy, Inc. lives at or is located at the following address: c/o Dennis J. Baar laer, Esq, Mt. States Emp., 1799 P.A. Street, Po 539 Denver, Co 80201

Attach a separate page, if necessary, to list additional parties.

## JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location: 800 Weaver Park Rd., Longmont, Colorado 80504

(Rev. 07/06)

6. Jurisdiction also is asserted pursuant to the following statutory authority:

_____

## ADMINISTRATIVE PROCEDURES

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on *August 25, 2015* (date) regarding the alleged discriminatory conduct by Defendant(s).

8. Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on *Feb. 7, 2015* (date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

_____ Race _____ Color _____ Religion

✓ Sex _____ National Origin

_____ Other (please specify) _____

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

_____ Failure to hire

_____ Failure to promote

_____ Demotion/discharge from employment

X Other (please specify) *Sexual harrassment and retaliation. Negligence for accommodating workplace safety.*

(Rev. 07/06)

## FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.
Alternatively, you may attach to the complaint a copy of the charge of discrimination
you submitted to the Equal Employment Opportunity Commission.)

As I was employed by Royal Crest Dairy, at 800 Weaver Park Road, Longmont Co 80504. From April 2006 - July 2015. I was continuously harrassed by my supervisor, Ryszard Tomtas from then til he left the Royal Crest Dairy 10/13/2013, Ryszard Tomtas.

After several attempts to relate Ryszard Tomtas's verbal + physical harrassment in 9/26/2013 I contacted Longmont P.D. to report what had been happening at Royal Crest Dairy, He advised me to apply for a permanent restraining order

See attachment 1, 1a, 1b, 1c. Longmont P.D. report 13-7918 at this point Grady Cleckler, Ryszards supervisor couldn't ignore allegations and was forced to take action.

See attachment 2 (permant restraining order

(Rev. 07/06)                                    3

Sir/Ma'am, My complaints where ignored for 7 years.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

Date: _May 4, 2017_

_Deborah J. Lamb_
(Plaintiff's Original Signature)

_987 Wolf Creek Dr._
(Street Address)

_Longmont, CO 80504_
(City, State, ZIP)

_720/352-5281_
(Telephone Number)

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Deborah Lamb<br>987 Wolf Creek Drive<br>Longmont, CO 80504 | From: Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No.<br><br>32A-2015-00550 | EEOC Representative<br>**Cherrie Y. Martin,**<br>**State & Local Program Manager** | Telephone No.<br><br>**(602) 640-5064** |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Elizabeth Cadle,**
**District Director**

February 2, 2017

*(Date Mailed)*

cc:    **ROYAL CREST DAIRY, INC.**
**c/o Dennis J. Baarlaer, Esq.**
**Mountain States Employers' Council**
**1799 Pennsylvania St., P.O. Box 539**
**Denver, CO 80201**

Simply ignoring my allegations of herrassment since 2007. In fact they promoted Ryszard Tomtes to Sales Manager. Reference William David, previous Sales Manager I made complaints X 3 to him. 970/690-1720.

Attachment #3 Letter Ryszard Tomtes no longer with Company. Fact the Longmont P.D. Contacted Grady Cleckler to inform of Ryszard Tomtes behavior.

*Attachment #1*

**13-7918**    Supplement No
ORIG

# Longmont Police Department



225 Kimbark Street

Longmont, CO 80501

WWW.CI.LONGMONT.CO.US/POLICE

Phone
(303) 651-8555

Fax

Reported Date
09/26/2013
Rpt/Incident Typ
HARASL
Member#/Dept ID#
NELSON,MIKE

## Administrative Information

| Agency | | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|---|
| Longmont Police Department | | 13-7918 | ORIG | 09/26/2013 | 09:18 |

| CAD Call No | Status | Rpt/Incident Typ | | | | City |
|---|---|---|---|---|---|---|
| 130053493 | REPORT | HARASSMENT | | | | LONGMONT |

| Location | | | | | | | |
|---|---|---|---|---|---|---|---|
| 800 WEAVER PARK RD | | | | | | | |

| Rep Dist | Area | Beat | From Date | From Time | To Date | To Time | |
|---|---|---|---|---|---|---|---|
| 8 | 8 | 08 | 09/26/2013 | 08:00 | 09/26/2013 | 08:00 | |

| Member#/Dept ID# | | | | Assignment | Entered By | Assignment | RMS Transfer |
|---|---|---|---|---|---|---|---|
| 8404/NELSON,MIKE | | | | Watch I | 8404 | Watch I | Successful |

| Prop Trans Stat | Property? | Approving Officer | | Approval Date | | Approval Time | |
|---|---|---|---|---|---|---|---|
| Successful | None | 04C10 | | 09/30/2013 | | 15:05:07 | |

| # Offenses | Offense | | | Description | | Complaint Type | AC | NCIC Offense | Use |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 18-9-111 | | | HARASSMENT - STALKIN | | | C | 1316 | N |

| Bias | Loc | #Pr | MOE | Act | Weapon/Force | IBRS | No | |
|---|---|---|---|---|---|---|---|---|
| 88 | 25 | | | N | | 13C | 1 | |

## Person Summary

| Invl | Invl No | Type | Name | | MNI |
|---|---|---|---|---|---|
| OTH | 1 | I | CLECKER,GRADY | | 866578 |

| Race | Sex | DOB | | | |
|---|---|---|---|---|---|
| W | M | | | | |

| Invl | Invl No | Type | Name | | MNI |
|---|---|---|---|---|---|
| SUS | 1 | I | ▬▬▬▬▬ | | 866577 |

| Race | Sex | DOB | | | |
|---|---|---|---|---|---|
| W | M | 11/24/1957 | | | |

| Invl | Invl No | Type | Name | | MNI |
|---|---|---|---|---|---|
| VIC | 1 | I | LAMB,DEBORAH | | 494152 |

| Race | Sex | DOB | | | |
|---|---|---|---|---|---|
| W | F | 03/09/1968 | | | |

| Invl | Invl No | Type | Name | | MNI |
|---|---|---|---|---|---|
| WIT | 1 | I | NEGROTTI,DAVID | | 865201 |

| Race | Sex | DOB | | | |
|---|---|---|---|---|---|
| W | M | 12/07/1962 | | | |

## Summary Narrative

On Thursday, 09/26/13, police took a report of ongoing harassment at Royal Crest Dairy between two employees. The male suspect was warned against any further harassment and this case will be closed.

| Report Officer | Printed At | Page 1 of 4 |
|---|---|---|
| 8404/NELSON,MIKE | 10/07/2013 12:24 | |

*1a*

**13-7918**     Supplement No
ORIG

# Longmont Police Department

## Other 1: CLECKER, GRADY

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Other | 1 | Individual | CLECKER,GRADY |

| MNI | Race | Sex | Ethnicity | Res Status | PRN |
|---|---|---|---|---|---|
| 866578 | White (NCIC) | Male | Not of Hispanic origin | Non-resident | 522551 |

| Employer/School | Position/Grade |
|---|---|
| ROYAL CREST DAIRY | VIC PRES |

| Location | City |
|---|---|
| 350 S PEARL ST | DENVER |

| State | ZIP Code | Phone Type | Phone No |
|---|---|---|---|
| Colorado | 80209 | Work/Business | (303) 722-2272 |

## Suspect 1:

| Involvement | Invl N | | Individual | |
|---|---|---|---|---|
| Suspect | 1 | | Individual | ███████ |

| MNI | Race | Sex | DOB | Age | Ethnicity | Juvenile? |
|---|---|---|---|---|---|---|
| 866577 | White (NCIC) | Male | 11/24/1957 | 55 | Not of Hispanic origin | No |

| Height | Weight | Hair Color | Eye Color | Res Status | OFN_INVL | Vic/Ofnd Age | PRN |
|---|---|---|---|---|---|---|---|
| 5'08" | 170# | Brown | Brown | Non-resident | 1 | 55 | 522552 |

| Type | Address |
|---|---|
| Home | ███████ |

| City | State | ZIP Code | Date |
|---|---|---|---|
| LOVELAND | Colorado | 80537 | 09/26/2013 |

| Phone Type | Phone No | Date |
|---|---|---|
| Cell | ███████ | 09/26/2013 |

| Employer/School | Position/Grade |
|---|---|
| ROYAL CREST DAIRY | SALES MAN |

| Location | City |
|---|---|
| 800 WEAVER PARK RD | LONGMONT |

| State | Phone Type | Phone No |
|---|---|---|
| Colorado | Work/Business | (303) 777-2277 |

## Victim 1: LAMB, DEBORAH

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| Victim | 1 | Individual | LAMB,DEBORAH |

| MNI | Race | Sex | DOB | Age | Ethnicity | Juvenile? |
|---|---|---|---|---|---|---|
| 494152 | White (NCIC) | Female | 03/09/1968 | 45 | Not of Hispanic origin | No |

| Height | Weight | Hair Color | Eye Color | Res Status | Vic/Ofnd Age | PRN |
|---|---|---|---|---|---|---|
| 5'03" | 115# | Black | Hazel | Resident | 45 | 522553 |

| Type | Address |
|---|---|
| Home | 987 WOLF CREEK DR |

| City | State | Date |
|---|---|---|
| LONGMONT | Colorado | 09/26/2013 |

| Type | ID No | OLS |
|---|---|---|
| Operator License | 941752445 | Colorado |

| Type | ID No |
|---|---|
| Social Security Number | ███████ |

| Phone Type | Phone No | Date |
|---|---|---|
| Cell | (720) 352-5281 | 09/26/2013 |

| Employer/School | Position/Grade |
|---|---|
| ROYAL CREST DAIRY | SALES |

| Location | City |
|---|---|
| 800 WEAVER PARK RD | LONGMONT |

| State | Phone Type | Phone No |
|---|---|---|
| Colorado | Work/Business | (303) 722-2272 |

## IBRS Info

| Victim Invl No | Offense Codes |
|---|---|
| 1 | 13C |

| Rel | Involvement | Invl No | Name | Race | Sex |
|---|---|---|---|---|---|
| EE | SUS | 1 | ███████ | W | M |

| DOB |
|---|
| 11/24/1957 |

| Report Officer | Printed At | Page 2 of 4 |
|---|---|---|
| 8404/NELSON,MIKE | 10/07/2013 12:24 | |

1b

13-7918    Supplement No
ORIG

# Longmont Police Department

## Witness 1: NEGROTTI,DAVID

| Involvement | Invl No | Type | Name | | | | | | | Juvenile? |
|---|---|---|---|---|---|---|---|---|---|---|
| Witness | 1 | Individual | NEGROTTI,DAVID | | | | | | | |
| MNI | Race | | | Sex | DOB | Age | Ethnicity | | | |
| 865201 | White    (NCIC) | | | Male | 12/07/1962 | 50 | Not of Hispanic origin | | | No |
| Height | Weight | Hair Color | Eye Color | Res Status | PRN | | | | | |
| 6'02" | 220# | Brown | Brown | Resident | 522554 | | | | | |

| Type | Address |
|---|---|
| Home | 987 WOLF CREEK DR |

| City | State | Date |
|---|---|---|
| LONGMONT | Colorado | 09/26/2013 |

| Phone Type | Phone No | Date |
|---|---|---|
| Cell | (720)333-9889 | 09/26/2013 |

| Employer/School | Position/Grade |
|---|---|
| USPS | CARRIER |

## Narrative

INITIAL INFORMATION:

On Thursday, 09/26/13, at 1015 hrs., I, Officer Nelson, was dispatched to call victim-Deborah Lamb(Deborah) in reference to ongoing harassment by her co-worker/███████ Suspect-████████████████

INVESTIGATION:

I called Deborah by cellphone and spoke to her briefly regarding this case. Deborah advised she wished to meet in person to discuss this case in more detail. I responded to 987 Wolf Creek Drive where I met with Deborah and her husband, witness-David Negrotti(David).

Deborah advised she works for Royal Crest Dairy, at 800 Weaver Park Road, and ████████████ there is ███████. She told me that back in 2007 ██████ approached her when they were alone in a room and kissed her. He then stated he wanted an intimate relationship with her. Deborah told ██████ that she was not interested in a intimate relationship with him. Since this incident ██████ has pursued Deborah and has sent many suggestive e-mails, texts and phone calls. Deborah finally reported ██████ to another boss at the company. The harassment stopped for awhile and ██████ then became aggressive and angry towards Deborah. Deborah advised that about 2007 ██████ even choked her while out in the field.

The boss that handled that complaint has now left the company and the harassment has started again. David told me that ██████ been texting and calling him and asking him how he can stay married to such a horrible person. ██████ came to their house even when told to stay away. Both David and Deborah want ██████ to stop all contact with them and to stay away from the house. They have begun the process of obtaining a restraining order against ██████

David told me that he had made contact with other-Grady Clecker(Grady), vice president of Royal Crest Diary, and filed another complaint against ██████. David did not know the status of that complaint.

I told Deborah to continue the restraining order process and that I would contact Grady and find out where the complaint process is and I would also contact ██████ and warn him to stay away from the house and to stop all contact with Deborah and David.

I called Grady who advised he was currently investigating Deborah's claims. He had already spoke to the old boss from Royal Crest and was briefed on what had happened in the past. Grady told me that based on the nature of the complaints he put ██████ on an action plan and part of that plan was not to make any contact with any employees outside of work. Grady was upset to hear that ██████ had violated the plan by going to Deborah's house. Grady stated he had to complete his investigation but felt, at this point, ██████ will not be employed at Royal Crest much longer. I advised Grady I was going to contact ██████ and strongly warn him to stay away from David and to stop all communications to Deborah or David. I informed Grady that it would be a good idea if he made different arrangements to get work communications to Deborah other than through ██████. Grady assured me he would work on that.

I drove to Royal Crest Dairy where I met with ██████. ██████ was very defensive with me and would not admit that he was harassing Deborah or David. He denied going to Deborah's house and stated that David and Deborah

| Report Officer | Printed At | |
|---|---|---|
| 8404/NELSON,MIKE | 10/07/2013 12:24 | Page 3 of 4 |

1C

**13-7918**     Supplement No
ORIG

# Longmont Police Department

## Narrative

were lying. I told ▮▮▮▮ that he was not welcome at the house and he could not call David or Deborah on the phone. I further informed ▮▮▮▮ that any further harassment by him, either texting, phoning or in person, could result in criminal charges against him. ▮▮▮▮ stated he understood and there would not be any further problems and he would not go to Deborah's house or make any further contact with her or David.

UNDEVELOPED LEADS:

PROPERTY IN EVIDENCE:  ___ Yes   _x_ No

CASE STATUS:
Exceptionally Cleared - with a warning.

| Report Officer | Printed At | |
|---|---|---|
| 8404/NELSON,MIKE | 10/07/2013 12:24 | Page 4 of 4 |

Attachment # 2

| | |
|---|---|
| ☐ Municipal Court ☒ County Court ☐ District Court ☐ Denver Juvenile ☐ Denver Probate<br>County Court, Boulder County - Longmont, Colorado<br>Court Address:<br><br>1035 Kimbark Street<br>Longmont, CO. 805010000 | DATE FILED: May 1, 2015 |
| Petitioner:     LAMB, DEBORAH<br>Address:     987 WOLF CREEK DR<br><br>LONGMONT, CO. 80504<br>v.<br>Respondent:     TOMTAS, RYSZARD<br>Address:     3595 BIANCA CT<br><br>LOVELAND, CO. 80537 | ▲   COURT USE ONLY   ▲<br>Case Number: C0872015C 000293<br><br>Division: 11     Courtroom: |

## PERMANENT CIVIL PROTECTION ORDER ISSUED PURSUANT TO §13-14-106, C.R.S.

| Full Name of Restrained Person<br>☐ Protected Person alleges Weapon involved | Date of Birth | Sex | Race | Weight | Height | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| TOMTAS, RYSZARD | 11/01/1959 | ☒M<br>☐F | W | | | | |

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| LAMB, DEBORAH | 3/09/1968 | F | W | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**The Court finds** that it has jurisdiction over the parties and the subject matter; that the Restrained Person was personally served and given reasonable notice and opportunity to be heard; that the Restrained Person constitutes a credible threat to the life and health of the Protected Persons named in this action; and sufficient cause exists for the issuance of a Civil Protection Order.

**The Court finds** that the Restrained Person ☐ is ☒ is not governed by the Brady Handgun Violence Prevention Act, 18 U.S.C. §922 (d)(8) and (g)(8).

> ## This Protection Order DOES NOT EXPIRE and only the Court can change this Order.
> A violation of a Protection Order is a crime and may be prosecuted as a misdemeanor, municipal ordinance violation, or a delinquent act (if committed by a juvenile) pursuant to §18-6-803.5, C.R.S., and municipal ordinance.

**The Court Orders that you, the Restrained Person,** shall not contact, harass, stalk, injure, intimidate, threaten, touch, sexually assault, abuse, or molest the Protected Persons named in this action, or harm, take, transfer, conceal, or dispose of or threaten harm to an animal owned, possessed, leased, kept or held by any protected party, a minor child of any other party, or otherwise violate this Order. You shall not use, attempt to use, or threaten to use physical force against the Protected Persons that would reasonably be expected to cause bodily injury. You shall not engage in any conduct that would place the Protected Persons in reasonable fear of bodily injury.

Case Name _LAMB, DEBORAH _____v. _TOMTAS, RYSZARD_____ Case Number: 2015C 000293

## 1. Contact.

It is ordered that you, the Restrained Person, **shall have no contact of any kind** with the Protected Persons and you shall not attempt to contact said Protected Persons through any third person, except your attorney,

☒ **except as follows:**

_NONE_____

## 2. Exclusion from Places.

You must keep a distance of at least ___100_ yards from the Protected Persons where ever they may be found.

It is ordered that you be excluded from the following places and shall stay at least __100_ yards away from the following places: (Please specify the address(es) where the Protected Persons reside, work or attend school.)

☐ The Protected Person has requested that the address be omitted from the written order of the Court, including the Register of Actions.

☒ Home: _987 WOLF CREEK DR LONGMONT CO 80504_____

☒ Work: Name: ROYAL CREST DAIRY_____ Address: 800 WEAVER PARK RD LONGMONT CO_____

☐ School: Name:_____ Address:_____

☐ Other: _____

☐ Exceptions:

## 3. Care and Control Provisions.

☐ It is in the best interest of the minor children that care and control of these children be awarded to _____ (name of person).

This temporary care and control order and all other issues concerning the children, including Parenting Time and Interim Decision-Making Responsibilities expires on_____ (date) not to exceed one year from this Order. All other provisions of this Order remain in full force and effect permanently.

This Order governs any other Orders concerning the care and control of said children. However, provisions in another Order concerning the children that do not conflict with this Order must be followed.

## 4. Issues Concerning Children. (Parenting Time and Decision-Making Responsibilities)

☐ Parenting Time is granted,

☐ Interim Decision-Making Responsibilities expires on_____ (date) and shall be as follows: _____ (name of person) shall have sole Decision-Making Responsibilities.

☐ The parties shall jointly share Decision-Making Responsibilities.

☐ Other as set forth in the "Other Provisions" section.

☐ Parenting Time and Decision-Making Responsibilities shall be as previously ordered by the District Court, Case# _____

Case Name: LAMB, DEBORAH v. TOMTAS, RYSZARD    Case Number: 2015C 000293

## 5. Other Provisions.

☐ A Temporary Injunction is hereby entered by this Court and is in effect until _____ (date) not to exceed one year after issuance of this Order. This injunction restrains the Restrained Person from ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation to make such payments or from transferring encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life and requires the Restrained Person to account to the court for all extraordinary expenditures made after the injunction is entered.

☐ The Restrained Person shall not possess and/or purchase a firearm, ammunition, or other weapon.

☐ The Court waives all fees and no fees for service should be assessed pursuant to §13-14-109, C.R.S.

☒ Fees shall be paid by the ☒ Petitioner        ☐ Respondent

☐ Arrangements for possession and care of an animal are as follows:

_____

_____

☒ The Restrained Person shall not interfere with the Protected Person at the person's place of employment or place of education and shall not engage in conduct that impairs the Protected Person's employment, educational relationships, or environment.

## 6. Mandatory For Domestic Abuse Protection Orders which qualifies as an order described in 18 U.S.C. §922(d)(8) or (g)(8):

☐ The Restrained Person shall not possess and/or purchase a firearm, ammunition AND, shall relinquish any firearm within ____ hours, and shall relinquish ammunition within ____ If the restrained person is in custody and cannot relinquish firearms and ammunition, the court orders you to do so within 24 hours of your release from custody. The Restrained Person shall file proof of the relinquishment with the court, within 3 business days of the relinquishment as required by statute.

☒ It is further ordered that:
NO CONTACT THROUGH MAIL ELECTRONIC OR SOCIAL MEDIA OR
THRU 3RD PARTIES

☐ This Permanent Protection Order is identical to the Temporary Protection Order and does not require service on the Restrained Person.

☐ This Permanent Protection Order is different from the Temporary Protection Order and requires service on the Restrained Person before its provisions become effective.

☒ Served Restrained Person in Open Court on 5/01/2015 (DATE).

By signing, I acknowledge receipt of this Order or ☐ Restrained Person is not present in courtroom.

| _____ 5/01/2015 | _____ _____ |
| Petitioner                Date | ☐ Judge  ☒ Magistrate            Date |
| _____ 5/01/2015 | HANSSON, KRISTINA B |
| Respondent             Date | Print Name of Judicial Officer |

I certify that this is a true and complete copy of the original order.

_____    _____
Clerk                              Date

**Law Enforcement shall use all reasonable means to enforce this Protection Order.**

attachment #3

~~attachment #1~~

 **Ryszard Tomtas - Longmont Sales**
Grady Cleckler   to: RC ALL

10/02/2013 04:17 PM

Team Royal Crest,

Please be advised that Ryszard Tomtas is no longer with Royal Crest Dairy effective today.  Greg Jansen, Team Leader, will be our interim sales manager so please
address any Longmont Sales questions/information to Greg.  We wish Ryszard well in his future endeavors. Thanks,

Grady

2a

## SECOND CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Sir/Ma'am, I believe Royal Crest Dairy is negligent in providing a safe work environment free from verbal and physical sexual harrassment.

Please attached statements and court records as proof of harrassment taking place.

Attachment #4 Coworker statement to Ryszard Tomtas's boss. Dated 8/8/13 Incident date: 8/7/13 5:30p

Attachment #5
    Coworker statement to Ryszard's boss involving incident. Dated 9/30/13 Incident date 8/26/13

Attachment #6 From: Grady Cleeker, V.P. operations Royal Crest Dairy his response to above, coworkers statements. Dated 8/8/13

Attachment #7 Royal Crest Dairy, HR Manager acknowledges above emails Dated: 10/1/13

(Rev. 07/06)                                     4

Attachment #8 Grady Cleckler, VP @ RCD email phone calls my spouse : David Negrotti

26.

unreferenced or known by myself.

Attachment # 9

Coworker Mercedes Sotelo Statement in
regards to being offended by Ryszard
Tomtas also.
Dated 10/03/15 Incident date
August 11 - Jan 12

Attachment #10
Witness Karen Most watched out
her window and seen Ryszard Tomtas
push me and try and force himself
on me. Incident date: March 2007
Email Dated from 2015

Attachment #11, 11a, 11b, 11c
Court testimony (fewpgs) Co-worker
at restraining order court.

Attachment # 12
Inter

Attachmen # 12   My statement from
July 16, 2012 "Proof of complaint / harrassment

*Attachment 9 B*

*Attachment #4*

New mail   Reply   Delete   303-744-5173 (fax)   Sweep   Move to   Categories

" Customers First! "

## Folders

**Inbox  12**

Junk

Drafts  15

  nalc

Sent

Deleted  764

saved  151

New folder

## Quick views

Documents  2

Flagged

Photos  5

Shipping updates

New category

From:   John Cohallezil <cohallez@hotmail.com>

To:   "gcleckler@royalcrestdairy.com" <gcleckler@royalcrestdairy.com>

Date:   08/08/2013 09:16 AM

Subject:   Drama from Ryszard

Dear Sir,

On Wednesday August 7, 2013 at approximately 5:30 PM I was talking to Ryszard about my sales(Note: no one else was in the office).  When Ryszard went on a tangent accusing Debby (Lamb) of making false statements about him. And that I should not believe Debby (Lamb) whatever she has said to me about him.  For the record Debby (Lamb) and I do not talk about Ryszard. And according to Ryszard these statements were untrue and that Debby (Lamb) is out to get him.  And that Debby (Lamb) has been discrediting him for years. Ryszard continued in a more agitated way, becoming more angry and taking his glasses off and gritting his teeth in an aggressive way elevating his voice. Saying that if he could get something on her that he would fire her.  He also stated that he did not have issues with other employee's except for Mia.

I find Ryszard comments and accusations of Debby's (Lamb) character to me troubling. Ryszard is creating a hostel work environment for Debby (Lamb). In the brief time I have been here, Debby (Lamb) has always shown a business professional attitude to her work.

I expect Ryszard to stop creating drama, stop his

© 2013 Microsoft   Terms   Privacy   Developers

The Neg

Pyle PLC M430 View Mirror W Up Camera Sy: 4.3...

**$88**38

Deni 5111 Elec Cream Scoop Nonstick Surfa

**$15**60

Fox Racing Let Backpack Blac

**$44**99

Liquid Image 1 Hd Digital Can 727 Black

**$179**95

More o1

AdChoices

# Office Incident

John Cohallezil 9/30/13
To: gelone@msn.com Cc: Marchelle F. Heslep

**Dear Sir,**

On August 26th, 2013 at approximately 11:15 I was attending a scheduled Monday morning office meeting. In attendance that morning were several staff members, included were myself, Debbie Lamb, and our Supervisor Ryszard Tomas. I witnessed when my Supervisor Ryszard Tomas walked towards Debbie Lamb and asked Debbie what is this? Apparently Debbie had a mark on her forehead. Ryszard used his right hand fore finger striking Debbie on her forehead were her mark was located. Debbie was shocked and upset with this altercation with Ryszard. Ryszard walked back to his disk grinning. Myself and other staff members were shocked by Ryszard's behavior towards Debbie.

Thank you,

John Hallez

Sales Representative
Royal Crest Dairy
303-656-0043
cohallez@hotmail.com

Attachment 5

EXHIBIT
2

Attachment #6

The Neg

Pyle PLCM430
View Mirror W
Up Camera Sy:
4.3...

$88³⁸

Deni 5111 Elec
Cream Scoop·
Nonstick Surfa

$15⁶⁰

Fox Racing Let
Backpack Blac

$44⁹⁹

Liquid Image 1
Hd Digital Can
727 Black

$179⁹⁵

More o

AdChoices

New email  Reply    Delete  FW  Ar  Drama  fro. n  Ryszard  Move to    Categories

## Folders

Inbox  12

Junk  7

Drafts  15

  nalc

Sent

Deleted  764

saved  151

New folder

## Quick views

Documents  2

Flagged

Photos  5

Shipping updates

New category

John Cohallezil (cohallez@hotmail.com  Actions
To: gelone@msn.com

To: cohallez@hotmail.com
Subject: Re: Drama from Ryszard
From: GCleckler@RoyalCrestDairy.com
Date: Thu, 8 Aug 2013 09:35:10 -0600

John,

I will address.  I appreciate your willingness to bring this to my attention.

Regards,

Grady Cleckler
Vice President- Operations
Royal Crest Dairy
350 S. Pearl St
Denver, CO 80209
303-777-2227
303-744-9173 (fax)
" Customers First! "

From:      John Cohallezil <cohallez@hotmail.com>
To:        "gcleckler@royalcrestdairy.com" <gcleckler@royalcrestdairy.com>
Date:      08/08/2013 09:16 AM
Subject:   Drama from Ryszard

© 2013 Microsoft    Terms    Privacy    Developers

# Re: Office Incident

*Attachment #7*

# Re: Office Incident

Marchelle F. Heslep 10/01/13
To: John Cohallezil



Thanks, John.    I will add to my investigation folder.

Marchelle F. Heslep

Human Resources Manager
Royal Crest Dairy

*350 S. Pearl - Denver, CO  80209*

*Bus Ph: 303.777.2227 X254*

*Cell Ph: 720.220.0787*

*E-mail: mheslep@royalcrestdairy.com*

The Negi

New mail   Reply   Delete   Re: copy of emails   Move to   Categories   Empty

Pyle PLCM430
View Mirror W
Up Camera Sy:
43...

$88³⁸

Deni 5111 Elec
Cream Scoop,
Nonstick Surfa

$15⁶⁰

Fox Racing Let
Backpack Blac

## Folders

**Inbox  18**

**Junk  4**

Drafts  14

nalc

Sent

**Deleted  287**

**saved  148**

New folder

## Quick views

**Documents  2**

Flagged

**Photos  5**

Shipping updates

New category

GCleckler@RoyalCrestDairy.com (GCle   Actions

To: The Negrottis

*Attachment #8*

I received your email and attachments.  Per our discussion, I have initiated the discovery/investigative process.  Thank you for your help on this and I will contact you with any questions or clarifications.

Regards,

*Grady Cleckler*

Vice President- Operations
Royal Crest Dairy
350 S. Pearl St
Denver, CO 80209
303-777-2227
303-744-9173 (fax)
" Customers First! "

$44⁹⁹

Liquid Image 1
Hd Digital Can
727 Black

$179⁹⁵

More on

From:   The Negrottis <gelone@msn.com>
To:   "gcleckler@royalcrestdairy.com" <gcleckler@royalcrestdairy.com>
Date:   09/25/2015 11:08 AM
Subject:   copy of emails

Grady, Per our phone conversation yesterday here a few copies of the emails that Ryszard Tomtas brought to my house uninvited. I feel this and several of his past actions are harassing. Please feel free to contact me with any questions or updates regarding this terrible situation. Thanks for your help.

AdChoices

© 2013 Microsoft    Terms    Privacy    Developers

# statement

From: **Mercedes Sotelo** (sotelomk@gmail.com)
Sent: Thu 10/03/13 1:55 PM
To:   gelone@msn.com

*Attachment # 9*

Hey Debbie,

hopefully this works out for you.

please insert the correct spelling of Ryshards full name in the quote

"I was employed at Royal Crest Dairy from August 2011-January 2012. I was 22 years old. While I worked for the dairy I was constantly harassed by Ryshard Tomtas. Ryshard would make inappropriate sexual comments to me and try to hug me whenever he saw me. Ryshard made me so uncomfortable that I refused to be alone with him and would wait for others to come back at the end of the day so we would not be alone together in the office"

--
Mercedes K. Sotelo

(949) 291-9466

Attachemt
# 18

The Negi

VIP Murder My
Experience & [

SAVE
50%

Discover Your
Corks & Canvi
Party

SAVE
51%

$13 for a Ticke
Award Winnin
Doc Eason on
(...

SAVE
50%

The Dinner De
Interactive Mu
Mystery

SAVE
46%

Dark Comedy
the Days Befor

SAVE
50%

More on

AdChoices

New email  Reply    Delete  Harassment observation    Move to    Categories

## Folders

**Inbox** 33

**Junk** 6

**Drafts** 15

nalc

**Sent**

**Deleted** 744

**saved** 151

New folder

## Quick views

**Documents** 2

Flagged

**Photos** 5

Shipping updates

New category



MAST8952@aol.com (MAST8952@aol  Actions

To: gelone@msn.com

**Deborah,**
Below is my observation of you being harassed while on your route with Royal Crest Dairy early in March 2007. It seemed odd at the time to have two milk trucks in the neighborhood. Then I noticed one was contacting customers and the other truck pulled up very close to the back of the 1st truck. The doors of the truck opened away from my home but being slightly up hill I could see the lst drivers feet trying to access her truck and the 2nd drivers feet/legs blocking her way. This went of for a lengthy time and seemed to become more aggressive in the movements. Deborah finally accessed her truck closing the door and the 2nd driver finally left. Deborah came to my home to ask about milk delivery and I asked her if she was alright. She was shaky but said she was ok. I encouraged her to report the harassment to protect herself as the 2nd driver seemed way out of control. I hope this type of action/harassment can be stopped .

Thank you for your attention to this matter.

Karen V Mast
812 East 58th Street
Loveland, Colorado
80538-1209

970/663-4833

*attachment #11*

| | |
|---|---|
| **COUNTY COURT**<br>**BOULDER COUNTY, COLORADO**<br><br>1777 6th Street<br>Boulder, CO 80302 | |
| Plaintiff:<br><br>**DEBORAH LAMB**<br><br>V.<br><br>Defendant:<br><br>**RYSZARD TOMTAS** | ▲  COURT USE ONLY  ▲<br><br>Case Number:<br><br>**L2015-C-000293**<br><br>**Courtroom 2** |
| For Plaintiff:<br> Bruce J. Wiener, Esq., R/N. 42011<br> Bridge to Justice<br> 595 Canyon Blvd.<br> Boulder, Colorado 80302<br> Phone: 303-443-1038<br> Fax: 303-648-6552<br><br>For Defendant:<br> Matthew A. Crowther, Esq., R/N. 39146<br> Jorgensen, Brownell & Pepin, P.C.<br> 916 Tenth Street, Suite 100<br> Longmont, Colorado 80501<br> Phone: 303-678-0560<br> Fax: 303-678-1164 | |

The matter came on for hearing on Friday, May 1, 2015, before the HONORABLE KRISTINA J. HANSSON, Magistrate of the County Court, and the following FTR Proceedings, transcribed from an electronic recording, were had.

The Defendant appears in person.

#11a

5

and March of this year and sent her a picture of a former co-worker who Respondent knows to have engaged in a romantic relationship with Ms. Lamb while she was married.

The Court will hear evidence today that Respondent has a history of identifying this co-worker to Ms. Lamb and her husband, Mr. Negrotti in a manner that is designed to intimidate and harass Ms. Lamb. As a result of this contact, Ms. Lamb has suffered extreme emotion distress, which is a new injury since the last protection order hearing in October 2013.

Under C.R.S. 13-14-106(1)(a), the Court is to determine, number 1, if domestic violence or harassment has occurred; and number 2, if so, whether the Respondent is likely to commit further domestic violence or harassment or acts to intimidate or retaliate against Petitioner. This requires looking at past and current behavior to see if Petitioner has proven these allegations based on a preponderance of the evidence.

Similarly, under the criminal stalking statute, C.R.S. 18-3-602(1)(c), the Court is to determine if a person knowingly repeatedly follows, approaches, contacts, places under surveillance, or makes any form of communication with a member of that person's immediate family in a manner that would cause a reasonable person to suffer serious emotional distress. This also requires looking at past and current behavior.

Respondent's request to exclude all evidence of

60

A    I was -- we were -- I was attending an -- the office meeting. It's a daily office meeting. And I was sitting approximately near Debbie, either next to her or a seat over.

Q    And what happened?

A    Basically Ryszard noticed something on Debbie and walked towards her and asked her, "What is this?" And took his left -- or I'm sorry -- his right index finger and struck Debbie on her forehead. And she flinched back and arose up in anger and -- and said, "What is" -- "You're in fading my space."

And what's ironic is we had taken a class a week and a half earlier about -- it was called workplace respect and diversity. And we talked about having individual spaces between us that we all have to respect and that we couldn't come near. And so she told him, "You're invading my space." And she said very upset. And as -- so --

Q    So was there a mark on Ms. Lamb's forehead?

A    Yes. There was a -- a small mark on her middle -- about the middle of her forehead.

Q    And the mark was on Ms. Lamb's forehead before Mr. Tomtas -- she had -- or how would you describe how Mr. Tomtas --

A    He strike -- he struck her.

Q    He struck her?

A    Yes.

61

Q    Did that cause the mark or was the mark there previously?

A    No. That -- the mark was there before.

Q    And how would you describe Mr. Tomtas' reaction after he struck Ms. Lamb?

A    She was very upset. She jumped up and said, "Hey, you're invading my space."

Q    And how would you Mr. Tomtas' reaction?

A    He -- as he was walking away, he was pleased with himself.

Q    What's your basis for that observation?

A    Basically he -- he had just no regard for Debbie and -- or any of us there as -- as far as -- I mean here's our supervisor. He's supposed to be setting the example for everybody and he just went ahead and inflicted some harm on -- on a colleague.

Q    Did you report this incident to management?

A    I had -- I -- yes. I wrote it up and I sent it to HR.

MR. WIENER:    Your Honor, may I approach the bench?

THE COURT:    You may.

MR. WIENER:    Let the record reflect that I've handed a copy of what's been marked as Exhibit 2 to opposing counsel prior to this hearing.

THE COURT:    Okay.

//

*attachment # 12*

:fault Dennis and Khemary were fired out of the blue.  Their names where never mentioned before this and I don't know why he would bring them up.  I said then I don't like rumor mills and I don't start or add to them and that I felt it was unprofessional. And again I admitted what I did wasn't the regular procedure and again said it wouldn't happen again. Ryszard then said I should leave.. or should he call the cops? This whole situation has been humiliating and a learning experience for me.   Although, I hate to point fingers and place blame but, Ryszard has made it perfectly clear in past situations that he doesn't like me. Example, Ryszard has harassed me in the past to the point that I brought it to the attention of Bill David.  Bill David then brought Ryszard and I into the office and explained to Ryszard the harassment stops or it goes into his Ryszards file.  I can't help but to believe the situation that happened today was mostly initiated by Ryszard because, of his inability to let the past be in the past.  I know Bill David is aware of the past situations and would be a reliable source if needed. Furthermore it is my considered opinion that the presence of Jamie and Ken in the sales office in which today's events transpired can only buttress the facts and contentions which I have relayed to you in this letter.

I respectfully ask that you take this into consideration when you determine the outcome of my suspension.

*Deborah J Lamb*

Deborah J Lamb          7/16/12

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

I do believe there was coercive acts. As soon as Ryszard Tomtas was promoted. there was an incident in which Ryszard Tomtas Clearly States two different stories/versions of the incident in attempt to suspend/reprimand me.

Attachement # 13a, b
        Jamie Hickys statement and what she reports Ryszard Tomtas tells her What I did versus what the witness with me states. Completly erroneous. Ryszard Tomtas fictionalized statements and Jamie Hickey was let go of.

Attachment # 14
        Actual witness statement and correct version of incident.

Attachment #15          Dr. Zagob, M.D
    ——          My personal Dr. Wanner, note explaining
(Rev. 07/06)          treatment,

Attachment #16
        Time limits for filing USEOC

*Jamie's Statement 7-17-12*



*attachment/3 a*

## ROYAL CREST DAIRY – INCIDENT REPORT [NON-ACCIDENT]

Around 9:00am Ryzsard asked me if he could speak to me as he wasn't sure how to handle an employee situation.

He informed me that he was doing Route Checks Friday afternoon and noticed Debby's truck parked outside her home.

When Debby and Todd (trainee) returned he asked how the day went. He felt that Todd was withholding information from him. He then spoke to Todd privately (I do not recall if this was in person or over the phone). Ryzsard wanted to get a summary of the day and verify that Debby touched on key parts of training. Todd told him that they had stopped at Debby's house, Debby had spent several hours speaking poorly about Ryzsard and that Debbie stole milk from her inventory. Ryzsard said to me that Todd asked Debbie if she should be taking product and her response was "No, but it's ok...they won't know".

Ryzsard then asked me what I thought he should do. I explained to Ryzsard that theft is absolutely unacceptable and that he needed to contact Marchelle and Grady immediately to discuss further. Ryzard said that he was very close with Debby at one point and knows what a liar she is.

About a half hour later, Ryzsard came back into my office and said he actually was near Debby's truck when they were unloading and he heard her say "We should not be doing this, but no one will know".

Ryzsard then explained to me that his feelings were hurt regarding the things that Debby said to Todd. Todd told Ryzsard that Debby said that Ryzsard stated the fight between Dennis and Khemary and that it was his fault that they were no longer working here. Ryzsard told me that this bothered him over the weekend because he and Debby once had a close relationship.

Around 11:00am, Ryzsard asked Kristen if Debby had left her a note or if she was instructed to charge Debby's account. Kristen stated that she had not heard of anything regarding Debby's account.

13b

About 12:15pm Kristen and I were in my office and we both heard very loud yelling from the Sales Department. I immediately walked into the Sales Office – I made it clear that I understand that they are having a meeting and that Debby may not agree with what was happening but they needed to lower their voices. Debby then started explaining to me that she was suspended because she took a half gallon of milk home and she forgot to mention to Ryzsard that she took it. Again, I asked Debby to lower her voice. Once I heard Debby say that she specifically told Todd that she was going to have Bob charge her account, I asked them to remain quiet and let them know I would be right back. I asked Todd to speak to me in my office. I wanted to hear his side of the story. I asked Todd, "What happened on Friday regarding the milk?" Todd stated "Debby took a half gallon of milk and stated that she would have a supervisor charge the account". I thanked Todd and went back into the sales room to get Ryzsard. I spoke to Ryzsard privately and stated that Todd told me specifically that Debby made it clear that she was going to have the account charged. He said "Oh, Todd told me that too". I then said to Ryzsard "I thought you said Todd said Debby was stealing" He said "Yeah" and proceeded back into his office. I followed. Debby was telling Ryzsard that she knew that she should not have taken the product but she didn't think it was a big deal because she takes over $50 a month in Home Delivery and her intentions were honest. Debby and Ryzsard started arguing again, I interrupted and stated clearly to Debby that she was suspended today and that she needed to go home. Ryzsard asked "Are you going to leave or do I need to contact the Police?" Debby left.

Submitted by
Jaime

*Attachment 2-14*

From: Roysl Crest Dairy          3037029114          07/17/2012 08:17      #242 P.006/010

To Whom It May Concern:                    Mon. July 16, 2012

On Friday July 13th my trainer was Debby. After we loaded our truck, coolers, etc. we drove to her house (in Longmont) so that she could let her dogs out + grab her lunch. I didn't go in with her, but instead stayed at the truck jotting my name + route on my flyers + menu cards. We were there for 0-15 minutes before continuing on to my Y-route in Loveland. At the end of our day, when we got back to the dairy to return our milk, juice, boxes 'coolers, etc. Debby grabbed a .5 gallon of milk to take home. She did remark, more than once, that she'd tell Jaime, Kristin, or someone to charge her Royal Crest Dairy account for it. I was not privy to whether or not she'd asked Ryszard or anyone else for permission to do so.

- Todd Vander Hamm


**KAISER PERMANENTE**

7/15/2015

Deborah J Lamb
987 Wolf Creek Dr
Longmont CO 80501-8732

Regarding Ms. Lamb,

Deborah has been treated for anxiety in our office multiple times in the last year.  She requires ongoing medication to help with the condition that is in part due to her work/co-worker stress.  Please call if you have any questions.

Sincerely,

.Paula Zegob M.D.
Family Practice, Longmont
303 338 4545

 **U.S. Equal Employment Opportunity Commission**    Attachment #16

## Time Limits For Filing A Charge

The anti-discrimination laws give you a limited amount of time to file a charge of discrimination. In general, you need to file a charge within 180 calendar days from the day the discrimination took place. The 180 calendar day filing deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits employment discrimination on the same basis. The rules are slightly different for age discrimination charges. For age discrimination, the filing deadline is only extended to 300 days if there is a **state** law prohibiting age discrimination in employment and a state agency or authority enforcing that law. The deadline is **not** extended if **only** a local law prohibits age discrimination.

*Note*: Federal employees and job applicants have a ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ , and generally must ⋅⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ within 45 days. The time limit can be extended under certain circumstances.

Regardless of how much time you have to file, it is best to file as soon as you have decided that is what you would like to do.

Time limits for filing a charge with EEOC generally will not be extended while you attempt to resolve a dispute through another forum such as an internal grievance procedure, a union grievance, arbitration or mediation before filing a charge with EEOC. Other forums for resolution may be pursued at the same time as the processing of the EEOC charge.

Holidays and weekends are included in the calculation, although if the deadline falls on a weekend or holiday, you will have until the next business day. Figuring out how much time you have to file a charge is complicated. If you aren't sure how much time is left, you should contact one of our field offices as soon as possible so we can assess whether you still have time.

### If More Than One Discriminatory Event Took Place

Also, if more than one discriminatory event took place, the deadline usually applies to each event. For example, let's say you were demoted and then fired a year later. You believe the employer based its decision to demote and fire you on your race, and you file a charge the day after your discharge. In this case, only your claim of discriminatory discharge is timely. In other words, you must have filed a charge challenging the demotion within 180/300 days from the day you were demoted. If you didn't, we would only investigate your discharge. There is one exception to this general rule and that is if you are alleging ongoing harassment.

### Ongoing Harassment

In harassment cases, you must file your charge within 180 or 300 days of the last incident of harassment, although we will look at all incidents of harassment when investigating your charge, even if the earlier incidents happened more than 180/300 days earlier.

### Equal Pay Act And Time Limits

If you plan to file a charge alleging a violation of the Equal Pay Act (which prohibits sex discrimination in wages and benefits), different deadlines apply. Under the Equal Pay Act, you don't need to file a charge of discrimination with EEOC. Instead, you are allowed to go directly to court and file a lawsuit. The deadline for filing a charge or lawsuit under the EPA is two years from the day you received the last discriminatory paycheck (this is extended to three years in the case of willful discrimination).

### Equal Pay Act And Title VII And Time Limits

Keep in mind, Title VII also makes it illegal to discriminate based on sex in the payment of wages and benefits. What this means is, if you have an Equal Pay Act claim, you may also want to file a Title VII claim. In order to pursue a Title VII claim, you must file a charge with EEOC first. Filing a Title VII charge will not extend the deadline for filing an EPA lawsuit. Figuring out how much time you have to file a charge is complicated. It also can be difficult to figure out the pros and cons of filing a charge under the EPA instead of a lawsuit. Our field office staff would be happy to speak with you to explore your options.

Dear Sir/Ma'am,

In conclusion I hoping to her back from you ASAP, In the Meantime I'm on the process of hiring an alterny to help defend my rights.

Thank You in advance for your time and Consideration.

Sincerly,

Deborah Lamb