IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–01117–KMT

DEBORAH J. LAMB,

    Plaintiff,

v.

ROYAL CREST DAIRY INC.,

    Defendant.

---

# ORDER

---

This matter comes before the court on Defendant's "Motion to Dismiss" (Doc. No. 16, filed October 27, 2017). Plaintiff did not file a response.

## STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, asserts claims, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, for sexual harassment and retaliation. (*See* Doc. No. 1 [Compl.], filed May 4, 2017). Plaintiff also asserts a claim for "negligence for accommodating workplace safety." (*Id.* at 2.)

Plaintiff alleges she was continuously harassed by her supervisor at Royal Crest Dairy, Ryszard Tomtas ("Tomtas"), from April 2006 to July 2015. (*Id.* at 3.) Plaintiff claims she attempted on several occasions to relate Tomtas' verbal and physical harassment to his supervisor, Grady Cleckler, but eventually was forced to contact the Longmont Police and then to obtain a permanent restraining order. (*Id.*)

The defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Mot.)

**STANDARDS OF REVIEW**

A. **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

B. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

1. *Title VII Claim*

"An employee wishing to challenge an employment practice under Title VII must first file a 'charge' of discrimination with the EEOC." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007). Such a charge must be filed within "three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If the alleged unlawful incident occurs outside the 300-day window, a plaintiff will "lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

"The EEOC charging period is triggered when a discrete unlawful practice takes place," such as when a discriminatory decision is "made and communicated" to the plaintiff. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 628–29 (2007), *superseded on other grounds by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub.L. No. 111–2 (Jan. 29, 2009) (amending 42 U.S.C. § 2000e–5(e)). As a result, an EEOC charge covers only those discrete acts that occurred within the appropriate time period. *Id.* Although a plaintiff may allege that numerous discriminatory or retaliatory acts occurred throughout his or her term of employment, "only incidents that took place within the timely filing period are actionable." *Id.*

4

Plaintiff filed her Charge of Discrimination with the U.S. EEOC on August 25, 2015. (Compl. at 2.) Therefore, any alleged unlawful employment practice that occurred more than 300 days prior to this date, or before October 29, 2014, is time-barred. Plaintiff's allegations and attached documents place the relevant period of conduct between July 2012 and October 2013, when Plaintiff admits Tomtas left Defendant's employ. Although Plaintiff apparently pursued a restraining order against Tomtas during and after that time, the conduct relating to Tomtas' employment with Defendant ended in October 2013. All conduct relating to Defendant as an employer, therefore, falls far outside the relevant 300-day window.

Thus, Plaintiff's Title VII claims are time-barred and are dismissed with prejudice for failure to state a claim upon which relief can be granted.

   2. *Negligence Claim*

Under Colorado law, tort actions, including negligence claims, must be commenced within two years after the cause of action accrues. Colo. Rev. Stat. § 13–80–102(1)(a). A cause of action for negligence accrues when both the injury and its cause are known or should have been known by exercise of reasonable diligence. *Id.* § 13-80-108(1).

Plaintiff contends that the wrongful acts occurred, at the latest, on October 13, 2013, when Tomtas left Defendant's employ. (Compl. at 3.) Thus, Plaintiff's claims accrued no later than October 13, 2013. Plaintiff did not file her Complaint in this Court until May 4, 2017, over three years after her cause of action accrued.

Accordingly, Plaintiff's negligence claim is time barred and must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court

**ORDERS** that Defendant's "Motion to Dismiss" (Doc. No. 16) is **GRANTED** and Plaintiff's Complaint is dismissed with prejudice; the court further

**ORDERS** that judgment shall enter in favor of Defendant on all claims in this matter.

Dated this 26th day of January, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge